IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| JOSEPH W. MCMULLEN, | : |
| Plaintiff, | : |
| v. | : Civil No. 08-2902-RBK-JS |
| MAPLE SHADE TOWNSHIP, et al., | : |
| Defendants. | : |

### O R D E R

In accordance with the Court's prior directives to counsel,

IT IS HEREBY ORDERED this 2nd day of April, 2009, that by June 1, 2009, defendant and the municipalities who entered their appearances in C.A. No. 08-3314 (RBK), shall answer the attached Interrogatories and Request for Production of Documents. No objections to the discovery shall be served.

s/ Joel Schneider
JOEL SCHNEIDER
United States Magistrate Judge

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| JOSEPH MCMULLEN and CHRISTOPHER OBCHINETZ, on behalf of themselves and all others similarly situated<br><br>Plaintiffs,<br><br>vs.<br><br>MAPLE SHADE TOWNSHIP, in its own right and on behalf of similarly situated New Jersey municipal entities<br><br>Defendants. | CIVIL ACTION NO. 08cv2902 (RBK)<br><br>District Judge Robert B. Kugler<br><br><br>**AGREED INITIAL INTERROGATORIES TO ALL MUNICIPALITIES** |

Plaintiffs, Joseph W. McMullen and Christopher Obchinetz, hereby demand that all Defendants answer the following Interrogatories under oath in the time and manner prescribed by the Federal Rules of Civil Procedure.

For your convenience, this discovery request is available by e-mail or on diskette.

These Interrogatories shall be deemed to be continuing so as to require supplemental answers pursuant to the applicable Rules of Civil Procedure and other Court Order(s) governing this matter.

## DEFINITIONS

1. As used herein: "Person" means, without limitation, any natural person, corporation, partnership, proprietorship, joint venture, association, government entity (including, without limitation, any governmental agency or political sub-division of any government), any group, or any other form of public or private business entity.

1

2. "Communication" means, without limitation, oral or written communications of all kinds, such as correspondence, exchanges of written or recorded information, face to face meetings, electronic, facsimile or telephone.

3. "Meeting" means, without limitation, any assembly, convocation, encounter, or contemporaneous presence of two or more persons for any purpose, whether planned or arranged, scheduled or not.

4. "Employee" means, without limitation, current and former officers, directors, executives, managers, sales personnel, telemarketers, secretaries, clerical staff, messengers, agents, or any other person employed by Defendants.

5. "Document" has the same meaning as construed by the Federal Rules of Civil Procedure and includes, without limitation, the original and all non-identical copies of all writings, whether handwritten, typed, printed or otherwise produced and includes, without limitation, letters, correspondence, memoranda, legal pleadings, calendars, diaries, travel records, summaries or records of telephone conversations or interviews, telegrams, notes, reports, compilations, notebooks, laboratory notebooks, work papers, graphs, charts, blueprints, books, pamphlets, brochures, circulars, manuals, instructions, ledgers, drawings (including, without limitation, engineering, assembly, and detail drawings), sketches, photographs, films and sound reproductions, sales literature, advertising literature, promotional literature, agreements, or minutes of meetings.

In addition, the term "document" includes "electronic data" which means the original (or identical duplicate when the original is not available), and any non-identical copies (whether non-identical because of notes made on copies or attached comments, annotations, marks, transmission notations, or highlighting of any kind) of mechanical,

2

facsimile, electronic, magnetic, digital, or other programs whether private, commercial or work-in-progress), programming notes or instructions, activity listings of electronic mail receipts and/or transmittals, output resulting from the use of any software program, including word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, operating systems, source code of all types, PDF files, batch files, ASCII files, and any and all miscellaneous media on which they reside and regardless of whether said electronic data exists in an active file, deleted file or file fragment. Electronic data includes any and all items stored on computer memories, hard disks, floppy disks, CD-ROM, Bernoulli Boxes and their equivalent, magnetic tape of all types, microfiche, punched cards, punched tape, computer chips including, but not limited to EPROM, PROM, RAM and ROM or in any other vehicle for digital data storage and/or transmittal. The term electronic data also includes the file, folder tabs and/or containers and labels appended to, or associated with, any physical storage device associated with each original and/or copy. The term also includes all Electronic Bulletin Board Services, including all levels of access, sub-boards and conferences and all information contained therein.

      6.    "Relate to" means, without limitation, the concepts: refer to, discuss, describe, reflect, deal with, pertain to, analyze, evaluate, estimate, constitute, study, survey, project, assess, record, summarize, criticize, report, comment, or otherwise involve, in whole or in part.

      7.    "Or" is used in its inclusive sense and shall be construed so as to require the broadest possible response. If, for example, a request calls for information about "A"

or "B," you should produce all information about A and all information about B as well as all information about A and B (In other words, "or" should be read as "and/or").

8. "You" or "your" means Defendants, his, her or its agents, servants, and all other persons acting or purporting to act on his, her or its behalf.

9. "Identify" or "identity" used in reference to an individual person means to state his, her or their full name and present or last known address, his, her or their present or last known position and business affiliation and his, her or their position.

10. "Identify" or "identity" when used in reference to a document means to state the date and author, type of document (e.g., letter, memorandum, telegram, chart, etc.), or some other means of identifying it, identify its present location or custodian, identify every author whether such person signed the document or not, and identify every other person to whom such document was addressed as well as every other person to whom such document or any copy thereof was given or sent. If any such document was, but is no longer, in your possession, or subject to your control, state what disposition was made of it. Documents prepared prior to or subsequent to the period covered by these Interrogatories but which relate to or refer thereto, are to be included.

11. "Identify" when used with respect to a meeting means to state the nature of the meeting (formal gathering, telephone call, etc.), identify all persons participating, the date, duration, location(s) and state the substance of the discussion.

12. "Ordinance" shall mean any Public Intoxication Ordinance or Public Drunkenness Ordinance making it an offense to be publicly intoxicated or publicly drunk.

13. "Enforce" or "Enforced" shall mean the issuance of a ticket, citation or summons, claiming a violation of the public intoxication/drunkenness ordinance.

4

## INSTRUCTIONS

1. All information requested is for the period from June 12, 2006 to the present, unless otherwise specifically indicated. To the extent that certain records are not accessible during the entire period requested, please so indicate and specify the dates for which the records are accessible.

2. To the extent any information called for by these Interrogatories is unknown to you, so state, and set forth such remaining information as is known. If any estimate can reasonably be made in place of unknown information, also set forth your best estimate, and clearly describe the basis upon which the estimate is made.

3. To the extent any Interrogatory is objected to, set forth all reasons therefore. If you claim privilege as a ground for not answering an Interrogatory in whole or in part, describe the factual basis for your claim or privilege in sufficient detail, so as to permit the Court to adjudicate the validity of the claim. If you object in part to any Interrogatory, answer the remainder completely. All of the following discovery requests are continuing requests to the maximum extent allowed or required by the Rules of Civil Procedure.

4. If you withhold or redact any responsive information in whole or in part, set forth separately, with respect to each piece of information, the basis for withholding it with sufficient particularity so that the Court can evaluate and rule on the validity of your claim.

## INTERROGATORIES

1. Have you enacted, since May 9, 1977, an Ordinance making it an offense to be publicly intoxicated or publicly drunk?

5

2. If you have not enacted such an Ordinance since May 9, 1977, did you have an Ordinance in effect prior to May 9, 1977? If so, when was that Ordinance adopted?

3. Have you enforced this Ordinance since June 12, 2006?

4. If your answer to number 3 above is yes, please state by year, how many times you have enforced this Ordinance?

5. Do you maintain computerized information regarding the issuance or enforcement of the public drunkenness or public intoxication ordinance? If yes, how long has your system been computerized, and how far back do your electronic records go?

6. Have you removed and/or amended the public drunkenness/public intoxication ordinance from your municipal code? If so, what was the effective date of the repealer or amendment?

**WEIR & PARTNERS LLP**

By: /s/ Steven E. Angstreich
     Steven E. Angstreich

By: /s/ Carolyn C. Lindheim
     Carolyn C. Lindheim
     Attorneys for Plaintiff
     Joseph W. McMullen

     Ten Melrose Avenue
     Woodcrest Pavilion, Suite 450
     Cherry Hill, NJ 08003
     856-740-1490

**DAVID AVEDISSIAN, LLC**

By: /s/ David Avedissian
     David Avedissian
     Attorney for Plaintiff
     Christopher Obchinetz

     135 Kings Highway East
     Haddonfield, NJ 08033
     856-857-1901

Dated: March 30, 2009.

## CERTIFICATION

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false I am subject to punishment.

By: _____

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| JOSEPH MCMULLEN and CHRISTOPHER OBCHINETZ, on behalf of themselves and all others similarly situated<br><br>Plaintiffs,<br>vs.<br><br>MAPLE SHADE TOWNSHIP, in its own right and on behalf of similarly situated New Jersey municipal entities<br><br>Defendants. | CIVIL ACTION NO. 08cv2902 (RBK)<br><br>District Judge Robert B. Kugler<br><br><br>AGREED INITIAL REQUEST FOR PRODUCTION OF DOCUMENTS TO ALL MUNICIPALITIES |

Plaintiffs, Joseph W. McMullen and Christopher Obchinetz, hereby demand that all Defendants answer the following Request for Production of Documents under oath in the time and manner prescribed by the Federal Rules of Civil Procedure.

For your convenience, this discovery request is available by e-mail or on diskette.

These Requests shall be deemed to be continuing so as to require supplemental answers pursuant to the applicable Rules of Civil Procedure and other Court Order(s) governing this matter.

### DEFINITIONS

1.     As used herein: "Person" means, without limitation, any natural person, corporation, partnership, proprietorship, joint venture, association, government entity (including, without limitation, any governmental agency or political sub-division of any government), any group, or any other form of public or private business entity.

2. "Communication" means, without limitation, oral or written communications of all kinds, such as correspondence, exchanges of written or recorded information, face to face meetings, electronic, facsimile or telephone.

3. "Meeting" means, without limitation, any assembly, convocation, encounter, or contemporaneous presence of two or more persons for any purpose, whether planned or arranged, scheduled or not.

4. "Employee" means, without limitation, current and former officers, directors, executives, managers, sales personnel, telemarketers, secretaries, clerical staff, messengers, agents, or any other person employed by Defendants.

5. "Document" has the same meaning as construed by the Federal Rules of Civil Procedure and includes, without limitation, the original and all non-identical copies of all writings, whether handwritten, typed, printed or otherwise produced and includes, without limitation, letters, correspondence, memoranda, legal pleadings, calendars, diaries, travel records, summaries or records of telephone conversations or interviews, telegrams, notes, reports, compilations, notebooks, laboratory notebooks, work papers, graphs, charts, blueprints, books, pamphlets, brochures, circulars, manuals, instructions, ledgers, drawings (including, without limitation, engineering, assembly, and detail drawings), sketches, photographs, films and sound reproductions, sales literature, advertising literature, promotional literature, agreements, or minutes of meetings.

In addition, the term "document" includes "electronic data" which means the original (or identical duplicate when the original is not available), and any non-identical copies (whether non-identical because of notes made on copies or attached comments, annotations, marks, transmission notations, or highlighting of any kind) of mechanical, facsimile,

2

electronic, magnetic, digital, or other programs whether private, commercial or work-in-progress), programming notes or instructions, activity listings of electronic mail receipts and/or transmittals, output resulting from the use of any software program, including word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, operating systems, source code of all types, PDF files, batch files, ASCII files, and any and all miscellaneous media on which they reside and regardless of whether said electronic data exists in an active file, deleted file or file fragment. Electronic data includes any and all items stored on computer memories, hard disks, floppy disks, CD-ROM, Bernoulli Boxes and their equivalent, magnetic tape of all types, microfiche, punched cards, punched tape, computer chips including, but not limited to EPROM, PROM, RAM and ROM or in any other vehicle for digital data storage and/or transmittal. The term electronic data also includes the file, folder tabs and/or containers and labels appended to, or associated with, any physical storage device associated with each original and/or copy. The term also includes all Electronic Bulletin Board Services, including all levels of access, sub-boards and conferences and all information contained therein.

      6.    "Relate to" means, without limitation, the concepts: refer to, discuss, describe, reflect, deal with, pertain to, analyze, evaluate, estimate, constitute, study, survey, project, assess, record, summarize, criticize, report, comment, or otherwise involve, in whole or in part.

      7.    "Or" is used in its inclusive sense and shall be construed so as to require the broadest possible response. If, for example, a request calls for information about "A" or "B," you should produce all information about A and all information about B as well as all information about A and B (In other words, "or" should be read as "and/or").

8. "You" or "your" means Defendants, his, her or its agents, servants, and all other persons acting or purporting to act on his, her or its behalf.

9. "Identify" or "identity" used in reference to an individual person means to state his, her or their full name and present or last known address, his, her or their present or last known position and business affiliation and his, her or their position.

10. "Identify" or "identity" when used in reference to a document means to state the date and author, type of document (e.g., letter, memorandum, telegram, chart, etc.), or some other means of identifying it, identify its present location or custodian, identify every author whether such person signed the document or not, and identify every other person to whom such document was addressed as well as every other person to whom such document or any copy thereof was given or sent. If any such document was, but is no longer, in your possession, or subject to your control, state what disposition was made of it. Documents prepared prior to or subsequent to the period covered by these Interrogatories but which relate to or refer thereto, are to be included.

11. "Identify" when used with respect to a meeting means to state the nature of the meeting (formal gathering, telephone call, etc.), identify all persons participating, the date, duration, location(s) and state the substance of the discussion.

12. "Ordinance" shall mean any Public Intoxication Ordinance or Public Drunkenness Ordinance making it an offense to be publicly intoxicated or publicly drunk.

13. "Enforce" or "Enforced" shall mean the issuance of a ticket, citation or summons, claiming a violation of the public intoxication/drunkenness ordinance.

4

## INSTRUCTIONS

1. Documents should be organized to indicate to which request they are responsive, and/or as they are kept in the usual course of business.

2. All of the following discovery requests are continuing requests to the maximum extent allowed or required.

3. If you withhold or redact any responsive document or piece of information in whole or in part, set forth separately, with respect to each such document or piece of information, the basis for withholding it with sufficient particularity so that the Court can evaluate and rule on the validity of your claim.

4. To the extent that certain records/documents are not accessible during the entire period requested, please so indicate and specify the dates for which records are accessible.

## REQUEST FOR PRODUCTION OF DOCUMENTS

1. Copies of your Ordinances in effect on or after May 9, 1977, making it an offense to be publicly intoxicated or publicly drunk, both as printed in your Municipal Code Book, and as originally enacted.

2. Copies of all records relative to any civil action, or other legal proceedings initiated against you as a result of the issuance or prosecution of charges under your public intoxication ordinance from June 12, 2006 to the present.

3. Copies of tickets or summonses issued, as well as municipal court records relating to any such tickets or summonses, in which a person was charged with violating the

Ordinance that makes it an offense to be publicly intoxicated or publicly drunk and/or otherwise enforced the Ordinance from June 12, 2006 to the present.

**WEIR & PARTNERS LLP**

By: /s/ Steven E. Angstreich
Steven E. Angstreich

By: /s/ Carolyn C. Lindheim
Carolyn C. Lindheim
Attorneys for Plaintiff
Joseph W. McMullen

Ten Melrose Avenue
Woodcrest Pavilion, Suite 450
Cherry Hill, NJ 08003
856-740-1490

**DAVID AVEDISSIAN, LLC**

By: /s/ David Avedissian
David Avedissian
Attorney for Plaintiff
Christopher Obchinetz

135 Kings Highway East
Haddonfield, NJ 08033
856-857-1901

Dated: March 30, 2009.

6