NOT FOR PUBLICATION (Docket No. 41)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____
                                        :
JOSEPH MCMULLEN and                     :
CHRISTOPHER OBCHINETZ, on behalf        :
of themselves and all others similarly  :
situated,                               :
                                        :
        Plaintiffs,                     :   Civil No. 08-2902 (RBK/JS)
                                        :
    v.                                  :   **OPINION**
                                        :
MAPLE SHADE TOWNSHIP, in its own        :
right and on behalf of similarly situated :
New Jersey municipal entities,          :
                                        :
        Defendant.                      :
_____ :

**KUGLER**, United States District Judge:

      This matter comes before the Court on a motion by Defendant Maple Shade Township ("Defendant") to dismiss the Amended Complaint of Plaintiffs Joseph McMullen and Christopher Obchinetz ("Plaintiffs") pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6). The Amended Complaint brings federal claims pursuant to 42 U.S.C. § 1983 ("Section 1983") for alleged violations of Plaintiffs' rights under the Fourth and Fourteenth Amendments to the Constitution as well as claims for violations of various state constitutional, statutory, and common law rights. Because Plaintiffs' Amended Complaint fails to state a cognizable federal claim, Defendant's motion to dismiss will be granted.

1

I.   BACKGROUND[1]

At issue in this case is the preemptive effect of the New Jersey Alcoholism Treatment and Rehabilitation Act, N.J. STAT. ANN. § 26:2B-1, et seq. ("ATRA") on two provisions of the New Jersey Home Rule Act of 1917, N.J. STAT. ANN. § 40:42-1, et seq., as well as some 270 local ordinances enacted thereunder.  New Jersey's Home Rule Act authorizes municipalities to, inter alia, make and enforce ordinances to "[p]revent vice, drunkenness and immorality" and to "[r]estrain and punish drunkards . . . ." N.J. STAT. ANN. § 40:48-1(6) and (7).  By way of apparent contrast, ATRA provides, in pertinent part, that "no county, municipality, or other jurisdiction within [New Jersey] shall adopt an ordinance . . . creating an offense of public intoxication or any equivalent offense," and that "any existing ordinance . . . creating such an offense is . . . repealed." N.J. STAT. ANN. § 26:2B-29.  Nonetheless, New Jersey localities allegedly continue to enact and maintain ordinances prohibiting public intoxication.  All of Plaintiffs' claims currently before the Court arise from arrests made and prosecutions pursued under these allegedly invalid public intoxication ordinances.

On October 30, 2007, Joseph McMullen was arrested on grounds of public intoxication in Maple Shade, New Jersey by Maple Shade police officers and served with complaint and summons for violation of Maple Shade Township's public intoxication ordinance codified at Maple Shade Township Code § 142-2 (the "PIO").[2]  Mr. McMullen retained private defense

---

[1]  The facts are drawn from the allegations in Plaintiffs' Amended Complaint.

[2]  Although the Amended Complaint alleges that Plaintiffs were arrested and prosecuted pursuant to Maple Shade Township Code § 142-2, it appears that Plaintiffs may have actually been arrested and prosecuted for violating a prior version of the PIO, previously codified at Maple Shade Township Code § 92-2(A) (1997).  Section 92-2(A) provided "no person shall be intoxicated or drunk or disorderly in any public street, lane, sidewalk, public parking lot, public

counsel and stood trial before Maple Shade Municipal Court in Burlington County on January 28, 2008.  Counsel for Mr. McMullen argued that the PIO was either repealed by or enacted in violation of the express prohibition of ATRA, and Municipal Judge Gregory R. McCloskey dismissed the charge.

In the early morning hours of February 10, 2008, Christopher Obchinetz was similarly arrested on grounds of public intoxication in Maple Shade.  He was transported to the police station where he was incarcerated until the following morning.  Without the benefit of counsel, Mr. Obchinetz appeared before the Maple Shade Township Municipal Court on February 25, 2008 and pleaded guilty to the citation.  Presiding Municipal Judge Gregory R. McCloskey – the same judge that had previously dismissed the charge against Mr. McMullen – accepted Mr. Obchinetz's plea and assessed a fine of two hundred dollars plus court costs.

Plaintiffs' Amended Complaint asserts violations of both federal and state rights on behalf of themselves and similarly situated persons throughout the state of New Jersey against Defendant on behalf of itself and 269 similarly situated localities across the State.  Specifically, Plaintiffs claim that their arrests and subsequent prosecutions pursuant to the allegedly invalid PIO constitute unreasonable seizures under the Fourth Amendment and deprivations of liberty and property without due process of law under the Fourteenth Amendment.  For similar reasons, Plaintiffs claim that their arrests and prosecutions also violate Paragraphs One and Seven of Article I of the New Jersey Constitution, the New Jersey Civil Rights Act, N.J. STAT. ANN. §

---

or quasi-public place . . . to the annoyance of any person or to be so intoxicated or drunk as to be unable to conduct himself/herself with due care for his/her safety or the safety of other persons."

10:6-1, et seq., and the common law.³

## II.   STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint or portions of a complaint may be dismissed for failure to state a claim on which relief can be granted. FED. R. CIV. P. 12(b)(6). In reviewing a motion to dismiss under Rule 12(b)(6), the Court must first separate the factual and legal elements of a claim, accepting the well-pleaded facts as true, but disregarding any legal conclusions. Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009) (citing Ashcroft v. Iqbal, __ U.S. __ , 129 S.Ct. 1937, 1949 (2009)). Second, the court must "determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" Id. at 211 (quoting Iqbal, 129 S.Ct. at 1950). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" Iqbal, 129 S.Ct. at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

## III.   DISCUSSION

Defendant argues that Plaintiffs' Amended Complaint fails to state a claim because Plaintiffs do not show that they have suffered the violation of a federal right.⁴

---

³ Plaintiffs' prayer for relief requests (1) a declaration that the PIO and similar ordinances prohibiting public intoxication are void; (2) an injunction against continued enforcement of said ordinances; (3) a mandatory injunction compelling Defendant and similarly situated localities to educate their courts, prosecutors, and police departments about ATRA; (4) an order requiring Defendant and similarly situated localities to disgorge all monies received or collected by way of fines, penalties, and court costs; (5) damages; and (6) attorney's fees.

⁴ Through its moving papers, Defendant makes a series of alternative arguments supporting its motion to dismiss, to which Plaintiffs respond. Because the Court decides that Plaintiffs fail to state a claim under 42 U.S.C. § 1983, the Court does not reach Defendant's alternative arguments.

As a general matter, a plaintiff attempting to state a claim under Section 1983 must allege that (1) a person acting under color of state law (2) violated a right, privilege, or immunity secured to that person by the Constitution or laws of the United States. Carter v. City of Philadelphia, 989 F.2d 117, 119 (3d Cir. 1993). By way of corollary, "Section 1983 clearly does not provide a cause of action for violations of state statutes." Brown v. Grabowski, 922 F.2d 1097, 1113 (3d Cir. 1990). To establish municipal liability under Section 1983, a plaintiff must show that his alleged constitutional deprivation was proximately caused by an official policy or custom. Bielevicz v. Dubinon, 915 F.2d 845, 850 (3d Cir. 1990). Clearly, a constitutional violation is also a necessary predicate for municipal liability under Section 1983. Bittner v. Snyder County, No. 09-1395, 2009 WL 3022133, at *3 (3d Cir. 2009) (unpublished opinion).

The Supreme Court has instructed that the first step in any Section 1983 action is to identify "the exact contours of the underlying right said to have been violated." County of Sacramento v. Lewis, 523 U.S. 833, 842 n.5 (1998). Accordingly, the Court turns to an inquiry into the federal rights alleged.

### A. Fourth Amendment

Plaintiffs argue that their arrests pursuant to the PIO violated their right to be free from unreasonable seizure. Plaintiffs' argument can be summarized as follows: The Fourth Amendment protects citizens from being arrested and prosecuted without probable cause. Because ATRA rendered the PIO void, arrests and prosecutions effectuated thereunder were not supported by probable cause.

An arrest violates the Fourth Amendment if it is "made without probable cause to believe that a crime has been committed." Barna v. City of Perth Amboy, 42 F.3d 809, 819 (3d Cir.

5

1994) (citing Patzig v. O'Neil, 577 F.2d 841 (3d Cir. 1978)).  Similarly, a prosecution is malicious in violation of the Fourth Amendment where a criminal proceeding is initiated against a defendant, without probable cause, and with malice or for a purpose other than bringing the plaintiff to justice.  See McKenna v. City of Philadelphia, __ F.3d __, No. 08-4109, 2009 WL 3152185, at *8 (3d Cir. Oct. 2, 2009).

A case out of the D.C. Circuit, in which the plaintiffs made arguments similar to those espoused by Plaintiffs here, is instructive.  In Barwood v. District of Columbia, the District of Columbia Taxicab Commission promulgated 31 D.C. Mun. Regs. § 828, which limited the circumstances under which suburban taxicabs could pick up District passengers.  202 F.3d 290 (D.C. Cir. 2000).  Displeased suburban taxicab companies and drivers brought suit against the District under Section 1983 in district court, claiming that the regulation promulgated by the Taxicab Commission violated a District law reserving the power to issue such regulations exclusively to the Mayor.  Id. at 293.  The plaintiffs proceeded under the theory that "if an arrest without probable cause violates the Fourth Amendment, then surely one for which no cause could possibly exist must do so."  Id. at 294.

The D.C. Circuit noted at the outset that the plaintiffs' argument had "an initial plausibility," however, it concluded that the plaintiffs did not state a Section 1983 claim.  Id.  The court reasoned that the rights at issue were fundamentally state rights, and cautioned that if courts accepted arguments such as the plaintiffs' then "[e]very arrest claimed to violate state law would entail an ancillary federal claim, even though the state law attack rested . . . on state law theories having no connection whatever with the policies underlying the Fourth Amendment."  Id.

Likewise, in Szymecki v. City of Norfolk, a district court in the Eastern District of

Virginia considered whether a plaintiff's arrest under a Norfolk municipal ordinance banning public firearm possession violated the Fourth Amendment where Virginia State Law purported to grant persons a right to publicly carry. No. 08-142, 2008 WL 4223620 (E.D. Va. Sept. 11, 2008). In that case, a man attended a city festival bearing a holstered sidearm. Id. at *1. Police officers ordered him to leave on authority of a municipal ordinance prohibiting the carrying of guns at the festival. Id. The man protested that Virginia Law granting him the right to carry the sidearm superceded local law. Id. Over this protest, the man was arrested and charged with violation of the ordinance, although the charges were later dropped. Id. at *1, *2. The man sued the city pursuant to Section 1983 for, inter alia, violation of his Fourth and Fourteenth Amendment rights. Id. at *2. The court held that the plaintiff failed to state a claim under Section 1983 by reasoning that the plaintiff's claims attempted to "circumvent" the federal question jurisdictional requirement of Section 1983. Id. at *5.

     Despite Plaintiffs' best efforts to dress-up their claim in the federal garb of the Fourth Amendment, at bottom, these claims remain state law claims. Indeed, the outcome of Plaintiffs' Fourth Amendment claim hinges entirely upon resolution of the question of whether the New Jersey legislature has granted Plaintiffs the right to be intoxicated in public places, which of course is not a right secured by federal law. On the other hand, it goes without saying that if New Jersey has, in fact, legalized public intoxication, then New Jersey localities should not enact or enforce laws prohibiting it. But, if they do, New Jersey state court is the proper forum for the resolution of the matter, unless and until New Jersey's failure implicates federal rights separate

and apart from the state law issue.[5]  See Szymecki v. City of Norfolk, No. 08-142, 2008 WL 4223620, at *5 (E.D. Va. Sept. 11, 2008); see also Archie v. City of Racine, 847 F.2d 1211, 1217 (7th Cir. 1988) ("A state ought to follow its law, but to treat a violation of state law as a violation of the Constitution is to make the federal government the enforcer of state law.  State rather than federal courts are the appropriate institutions to enforce state rules.").

### B.  Fourteenth Amendment

Plaintiffs also argue that the PIO, and the provisions of the New Jersey Home Rule Act that authorized it, violate the Fourteenth Amendment because they are unconstitutionally vague.

A penal statute is rendered void for vagueness under the Fourteenth Amendment where it fails to "define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and . . . encourage[s] arbitrary and discriminatory enforcement."  United States v. Tyler, 281 F.3d 84, 90 n.5 (3d. Cir. 2002) (citing Kolender v. Lawson, 461 U.S. 352, 357 (1983)).  To pass constitutional muster, however, "criminal statutes need only give 'fair warning' that certain conduct is prohibited."  Coal. of N.J. Sportsmen, Inc. v.

---

[5] Notably, none of the cases to which Plaintiffs cite stand for the proposition that a state's failure to enforce its own laws constitutes a violation of federal law.  E.g., Barna v. City of Perth Amboy, 42 F.3d 809, 815 (3d Cir. 1994); Thomas v. Kippermann, 846 F.2d 1009, 1011 (5th Cir. 1988); Guenther v. Holmgreen, 738 F.2d 879 (7th Cir. 1984).  Instead, these cases appear to stand for the unremarkable proposition that police officers may not arrest in bad faith and without probable cause.  The Court notes that it need not consider whether its conclusion – that Plaintiff fails to state a claim for a violation of the Fourth Amendment –would be different if, as Plaintiffs' papers imply, Maple Shade, though its police officers, prosecutors, and judges, knew that the PIO was plainly void, but enforced it anyway in bad faith.  The mere facts that a Municipal Judge issued two seemingly inconsistent rulings and that Mr. McMullen's counsel "alerted" the office of the prosecutor as to the perceived discrepancy between ATRA and the PIO do not raise the question of widespread municipal knowledge and bad faith above the speculative level.  See Iqbal, 129 S.Ct. at 1949 ("Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'") (citation omitted).

Whitman, 44 F. Supp. 2d 666, 675 (D.N.J. 1999) (citing Colten v. Kentucky, 407 U.S. 104, 110 (1972)).  Moreover, a statute is not unconstitutionally vague simply because it could have been written more precisely.  United States v. Powell, 423 U.S. 87, 94 (1975).

As noted, New Jersey's Home Rule Act authorizes municipalities to make and enforce ordinances to "prevent vice, drunkenness, and immorality" and to "restrain and punish drunkards . . . ."  N.J. STAT. ANN. §§ 40:48-1(6) and (7).  At the time of Plaintiffs' arrests, the PIO provided:

> No person shall be intoxicated or drunk or disorderly in any public street, lane, sidewalk, public parking lot, public or quasi-public place or in any public conveyance or in a private motor vehicle while such vehicle is in motion or parked in any public street, lane or public parking lot or while upon any private property not his or her own without the express permission of the owner or other person having authority to grants such permission to the annoyance of any person or be so intoxicated or drunk as to be unable to conduct himself or herself with due care for his or her safety or the safety of other persons.

MAPLE SHADE TOWNSHIP, N.J., CODE § 92-2(A) (1997).

Although the words "intoxicated," "drunk," and "drunkard" may lack a certain precision, it is difficult to imagine that ordinary people have any difficulty comprehending the forbidden activity.  It is also clear that the language cabins the exercise of law enforcement discretion to those persons whose intoxication has risen to the level of annoyance or who are a danger to themselves or others.  Accordingly, the Court concludes that neither the contested language of the Home Rule Act nor the language of the PIO is unconstitutionally vague.  This analysis comports with the Third Circuit's analysis of similar statutory language.  See Virgin Islands v. Steven, 134 F.3d 526 (3d Cir. 1998) (rejecting vagueness challenge to law making it illegal to operate a vehicle "under the influence").

9

In light of the foregoing analysis, it is clear that Plaintiffs do not state a claim for the invasion of a federally protected right.  Thus, Plaintiffs do not state a claim for relief under Section 1983, and Plaintiffs' federal claims will be dismissed.  Without the federal claims, the Court declines to exercise jurisdiction over the remaining state law claims pursuant to 28 U.S.C. § 1367(c).

**IV.    CONCLUSION**

For the foregoing reasons, Defendant's motion to dismiss will be granted.  An accompanying Order shall issue today.


Dated: 10-28-2009                                          /s/ Robert B. Kugler
                                                                  ROBERT B. KUGLER
                                                                  United States District Judge